IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE DOE, | : |
| Plaintiff, | : CIVIL ACTION NO. |
| v. | : JURY TRIAL DEMANDED |
| The Trustees of the University of Pennsylvania, and The University of Pennsylvania Health System. | : **COMPLAINT** |
| Defendants. | : |

## THE PARTIES

1. Plaintiff Jane Doe is appearing here under a pseudonym. A motion for anonymity is being filed simultaneously with this Complaint.

2. Ms. Doe is a registered nurse and former employee of the Defendants.

3. Defendants the Trustees of the University of Pennsylvania ("Trustees") are a nonprofit medical organization located at 3400 Spruce Street Philadelphia PA 19104. Trustees own and supervise Defendants The University of Pennsylvania Health System and Penn Home Infusion Therapy/Penn Medicine.

4. Trustees is Ms. Doe's former employer, employs in excess of fifteen people. and is defined as an "employer" under the law herein. Trustees is a public accommodation under the ADA and receives federal financial assistance for its programs and activities making it subject to the Rehabilitation Act.

5. Defendant, the University of Pennsylvania Health System ("Penn Medicine") is a health care system that owns and operates multiple hospitals and health care facilities, including Penn Home Infusion. Penn Medicine's offices are located at 2929 Walnut Street, Suite 400 in

Philadelphia, Pennsylvania. Penn Medicine employs in excess of fifteen people and is defined as an "employer" under the law herein. Penn Medicine is a public accommodation under the ADA and receives federal financial assistance for its programs and activities making it subject to the Rehabilitation Act.

6. At all relevant times hereto, all Defendants and their employees and agents were acting within the course and scope of their actual and/or apparent agency and employment and Defendants Trustees and Penn Medicine are liable for the acts of their agents and employees as set forth below.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the parties and claims pled herein pursuant to 28 U.S.C. § 1331.

8. This Court has supplemental jurisdiction over related state law claims pled herein pursuant to 28 U.S.C. § 1367(a).

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3).

## EEOC PROCEEDINGS

10. Plaintiff filed charges of sex and disability discrimination with the Equal Employment Opportunity Commission ("EEOC") on September 3, 2020.

11. The EEOC issued a Right to Sue letter to the Plaintiff on February 24, 2021, and this lawsuit is brought within ninety (90) days of the issuance of the Right to Sue letter.

## PERTINENT FEDERAL STATUTES AND REGULATIONS

### Title VII

12. Congress prohibited sex discrimination by employers in Title VII of the Civil Rights Act of 1964: "(a) Employer practices. It shall be an unlawful employment practice for an employer — (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate

against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e

### The Americans with Disabilities Act

*Title I*

13. Congress prohibited discrimination against people with disabilities by employers in Title I of the ADA: "No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment. 42 U.S.C. § 12112."

*Title III*

14. Congress prohibited discrimination against people with disabilities by public accommodations, and/or the persons associated with their operation, in Title III of the ADA: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(A).

### The Rehabilitation Act

15. Congress prohibited discrimination against people with disabilities by public accommodations, and/or the persons associated with their operation, in the Rehabilitation Act: "No otherwise qualified individual with a disability in the United States, as defined in

section 705(20) ["Individual with a Disability"] of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a).

## BACKGROUND

16. Ms. Doe is trans.  She was born with a body with male genitalia but is a woman.
17. Trans is likely due to brain neuroanatomy and the formation of that brain neuroanatomy in the womb.
18. As noted by Dr. Robert Sapolsky, professor of neuroscience at Stanford University and one of the leading scholars of trans science: "[I]t's not the case that transgender individuals think they're a different gender than they actually are. It's more like they got stuck with bodies of a different sex from who they actually are." Sapolsky, R.M., Behave, 216 n. (Penguin 2017.)
19. Ms. Doe's gender is fundamental to her identity and an immutable characteristic of her, as it is with every single person.

### Ms. Doe Has GD

20. Trans people are often treated as outcasts, and are mocked, harassed, abused and hurt by others which causes distress in trans people and leads to Gender Dysphoria ("GD").
21. GD is a medical and therapeutic diagnosis "associated with clinically significant distress or impairment in social, occupational, or other important areas of functioning" for the trans person. *Diagnostic and Statistical Manual of Mental Disorders*, 5th Ed. ("DSM-V" at 302.85).
22. Trans people are diagnosed as suffering from GD when they have "clinically significant distress" associated with being trans.
23. GD is a disability in that it substantially impairs one or more major life activities, including,

but not limited to, neurological, brain, social, and occupational functions.

24. Ms. Doe is a trans person who has been diagnosed with GD.

25. Ms. Doe belongs to the disadvantaged class of trans people with GD.

26. Ms. Doe is a person with a disability within the definitions of the ADA and the Rehabilitation Act because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity.

27. Defendants are aware that trans people with GD, including Ms. Doe, may be a person with a disability as a result of their GD.

## Defendants' Behavior is Illegal and Discriminatory

28. Defendants have engaged in illegal and discriminatory behavior.

29. Ms. Doe has kept her gender identity private, not disclosing she is a trans woman.

30. The Defendants, including the Human Resources Department, Management and Employees have disclosed Ms. Doe's gender identity as a trans woman to others at Defendants and to third parties without her authorization.

31. For example, on or about November 19, 2019, Sherry Caputo, Manager at Defendants, told three other employees who were assistant managers, Yvette, Rita and Ryan, that Ms. Doe was trans without Ms. Doe's knowledge or authorization.

32. Defendants continued to disclose Ms. Doe's gender identity without authorization. Nor did she hear from anyone at Defendants while this ongoing harassment went on – despite the fact she informed Defendants' HR department.

33. On April 20, 2020 Ms. Doe finally received an email from HR regarding Ms. Caputo's and other disclosures and stating:

> …Transgender individuals have the right to discuss their gender identity or expression openly or to choose to keep that information private. You get to decide when, with whom

and how much to share of your private information…

34. Despite this admission Defendants continued to disclose Ms. Doe's gender to other employees and patients.  There have been numerous other incidents involving misgendering of Ms. Doe (calling her by the wrong pronoun, asserting she is male, etc.),  reassigned schedules and other impediments to her work.

35. Defendants' continued actions occurred despite HR's reassurance.

36. Defendants' actions and violation of their own policy exacerbated Ms. Doe's gender dysphoria and on May 13, 2020 Ms. Doe took temporary disability in order to address Defendants' exacerbation of her condition.

37. Defendants have never discussed nor offered reasonable accommodation for Ms. Doe's disability.

38. Ms. Doe's temporary disability leave ended November 13, 2020, but Defendants have not allowed Ms. Doe to return to work, and it appears she is now terminated.  She has been given notice that as of June 1, 20201 her benefits are being terminated.

39. Defendants acted with malice and/or reckless indifference, including but not limited to acting with transphobic hatred.

40. Defendants are aware that trans people with GD, including Ms. Doe, may be a person with a disability as a result of their GD.

41. Defendants knew of her disability and knew that they had exacerbated it, yet failed to make reasonable accommodation for Ms. Doe.

42. Ms. Doe could have been reasonably accommodated but for Defendants' lack of good faith.

## COUNT I – VIOLATION OF RIGHT OF PRIVACY

43. Ms. Doe restates and realleges all previous paragraphs as though fully set forth here.

44. Defendants improperly and/or unauthorizedly intruded into Ms. Doe's private affairs.

45. Defendants physically and/or otherwise, intruded upon the solitude and/or seclusion of Ms. Doe's private affairs or concerns and the intrusion was highly offensive to her and would be highly offensive to a reasonable person.

46. Defendants further publicized Ms. Doe's private and/or personal fact without serving any legitimate business purpose by the disclosure.

### COUNT II– VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT SEX DISCRIMINATION

47. Ms. Doe restates and realleges all previous paragraphs as though fully set forth here.

48. Ms. Doe's gender places her in a protected class.

49. Ms. Doe was qualified for her position and able to perform the essential functions.

50. Defendants created a hostile environment and ultimately fired Ms. Doe from her position because of her gender and replaced by someone who is not trans.

51. HUP's conduct was severe and/or pervasive, created a hostile or abusive working environment, was unwelcome, and was based on the Ms. Doe's gender.

### COUNT III – WRONGFUL TERMINATION

52. Ms. Doe restates and realleges all previous paragraphs as though fully set forth here.

53. HUP's actions in terminating Ms. Doe's employment infringed upon her protected rights as set forth herein, including her protected rights under the ADA and Rehabilitation Act.

54. HUP is liable for wrongful termination of Ms. Doe.

### COUNT IV – VIOLATION OF TITLE I OF THE ADA

55. Ms. Doe restates and realleges all previous paragraphs as though fully set forth here.

56. Ms. Doe's has a disability – GD – within the meaning of the ADA.

57. Ms. Doe is a "qualified individual" able to perform the essential functions of her position.

58. Ms. Doe's GD was a motivating factor in HUP's decision to fire her.

59. Defendants acted with deliberate indifference to Ms. Doe's rights under the ADA.

60. As a direct result of the aforesaid unlawful discriminatory practices engaged in by Defendants in violation of the ADA, Ms. Doe has sustained harm.

61. As a further direct result of the aforesaid unlawful discriminatory practices engaged in by Defendants in violation of the ADA, Ms. Doe has suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

62. Ms. Doe seeks redress for Defendants' violation of her rights under 42 U.S.C. §12133.

## COUNT V – VIOLATION OF TITLE III OF THE ADA

63. Ms. Doe incorporates by reference her allegations set forth herein.

64. Defendants are persons is a place of public accommodation as defined in 42 U.S.C. §12181(7)(F).

65. As a direct result of the aforesaid unlawful discriminatory practices engaged in by Defendants in violation of the ADA, Ms. Doe has sustained harm.

66. As a further direct result of the aforesaid unlawful discriminatory practices engaged in by Defendants in violation of the ADA, Ms. Doe has suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT VI – VIOLATION OF THE REHABILITATION ACT

67. Ms. Doe incorporates by reference her allegations set forth herein.

68. Ms. Doe is a qualified person with a disability within the meaning of the Rehabilitation Act.

69. Defendants accept federal financial assistance and have done so at all times relevant to this Complaint and are a "program . . . receiving Federal financial assistance" for the purposes of the Rehabilitation Act.

70. Defendants have violated the Rehabilitation Act by discriminating against Ms. Doe solely on the basis of her disability.

71. Defendants' firing of Ms. Doe violates the Rehabilitation Act and is done with deliberate indifference.

72. As a direct result of Defendants' unlawful and discriminatory practices in violation of the Rehabilitation Act, Ms. Doe has sustained harm.

73. As a direct result of Defendants' unlawful and discriminatory practices in violation of the Rehabilitation Act, Ms. Doe has suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

74. Ms. Doe seeks redress for Defendants' violation of her rights under 29 U.S.C. §794(a).

**PRAYER FOR RELIEF**

WHEREFORE, Ms. Doe respectfully requests that this Court:

A. Award Ms. Doe compensatory and punitive damages, attorneys' fees, costs, and disbursements.

B. Award Ms. Doe such other and further relief as the Court may deem just and proper.

A trial by jury is demanded on all counts.

Respectfully Submitted,

Date: May 24, 2021

/s/ Julie Chovanes
Julie Chovanes, Esq.
Chovanes Law
P.O. Box 4307
Philadelphia, PA 19118
267-235-4570
jchovanes@chovanes.com

Counsel for Plaintiff Jane Doe